POTTER vs. BACON.

THIS was an action of covenant, brought on a sealed agreement between the parties, bearing date 6th January, 1827, whereby, after reciting that the defendant had executed a bond to the plaintiff to advance $250 for the purpose of procuring a piece of land to be deeded to the wife and children of the plaintiff, or, in lieu thereof, to purchase a piece of land to be deeded to the said wife and children, to be selected by the plaintiff; and further reciting that the plaintiff had procured *an article* for 60 acres of land in lot No. 63, Groton, and assigned 25 acres in the northeast corner of the same for the use of his wife and children: it was agreed that the said bond and article should be deposited in the hands of William Green for safe keeping, so that when the defendant procured a deed of the above 25 acres to the wife and children of the plaintiff, Green might deliver the bond to him, and the article to the plaintiff. It was also declared, as the understanding of the parties, that if the plaintiff had paid $25 towards the 25 acres, as he alleged, that the defendant would re-pay the same to him on the 1st March, with interest ; that the defendant should have until the 1st February " to go to the office of Troup, in Geneva, to article for the said 25 acres;" that if Troup or his agents refused to enter into an article for the conveyance of the 25 acres to the wife and children of plaintiff, the plaintiff should give security to the defendant to convey the 25 acres to his wife and children, whenever the same was paid for, in-

*In an action of covenant, a breach may be assigned according to the substance, tho' not according to the letter of the covenant.*

to the office of Troup, in Geneva; the receipt of Troup or his agent to be sufficient evidence of payment to authorize the demand of such deed. *The plaintiff assigned two breaches*, 1. That the defendant did not, on the 1st February, go to the office of Robert Troup, in Geneva, to article for the said 25 acres of land, nor hath he done so at any time since ; nor hath he procured a deed for the said 25 acres ; nor hath he paid to the said Robert Troup, or into his office in Geneva, the said sum of $250 for the purpose of purchasing or paying for the said 25 acres of land : 2. The non-payment of the $25.

*The defendant pleaded non est factum*, demurred to the first breach assigned, and plead payment of the $25. Issue being joined, and a *venire tam quam* issued, the cause was tried at the Tompkins circuit, and a special verdict found by the jury. The jury found that the instrument declared on was the deed of the defendant ; that the defendant had not paid the $25, and they assessed the plaintiff's damages by reason thereof at $27,33 ; and they assessed contingent damages on the first breach at $241,28, being the price of the 25 acres, with interest, deducting $25 paid by the plaintiff, assessed to him under the second breach, to be modified by the supreme court, according to the legal rights of the parties, &c.

*J. A. Collier*, for defendant. The first breach varies from the sense and substance of the covenant. There is *no covenant* on the part of the defendant that he will go to Troup's office to article or procure articles for the 25 acres, nor that he would procure a deed, nor that he would pay the $250 into that office. The breach assigned is larger than the covenant. (1 *Chitty*, 328. *Comyn's Dig. Pleader*, 4, 47.) The plaintiff having assigned three several matters as the first breach, if the demurrer is well taken to either matter thus assigned, the defendant is entitled to judgment. (1 *Chitty*, 659. 1 *Maule & Selw.* 359, 60. 1 *Wendell*, 207.) If a party blends in one count various causes of action, some good and others not, a demurrer lies ; the principle being, that the court would not be able to distinguish after verdict for what cause the jury found, and therefore they condemn the pleading. (13 *Johns. R.* 483.)

NEW-YORK,
May, 1829.

Potter
v.
Bacon.

*S. Stevens,* for plaintiff. The non-payment of the $250 was properly assigned, as by the payment the defendant might have discharged himself from his covenant. (1 *Chitty,* 327. *Com. Dig. Pleader C.* 45. 1 *Strange,* 231.) The money was due immediately or on the 1st February. (8 *Johns. R.* 192, 374.) If this breach was not authorized, it may be rejected as surplusage, there being enough without it. (1 *Chitty,* 643. 1 *Saund.* 286, *n.* 9, 10. 2 *Saund.* 171, *a.*) There can be no objection to the breach assigned, that he did not procure an article or purchase the land. The cases relied on to shew the assignment bad, apply only to the improper joinder of causes of action in one count of a declaration, and do not affect an assignment of breaches, some of which may be good and others bad.

The plaintiff in this case was the trustee of his wife and children; the action, therefore, was properly brought in his name. (1 *Chitty's Pl.* 3. 1 *T. R.* 332. 1 *Saund.* 153. 1 *Lev.* 235. 3 *id.* 139. 2 *Inst.* 673. 3 *Bos. & Pul.* 149, *n. a.* 7 *East,* 148.)

*By the Court,* SAVAGE, Ch. J. It is objected in this case that the breach is larger than the covenant, and therefore bad. Although there is no covenant in so many words to pay $250 at Troup's office, yet I conceive such is the sense and substance of the agreement. The defendant had obligated himself by bond, which is recited, to pay $250 towards obtaining a piece of land for plaintiff's wife and children, and plaintiff was to locate the land. The plaintiff did so, and paid $25 upon it. This the defendant agrees to refund. He was to go to the office of Mr. Troup, and take an article for 25 acres, and when he produced a deed, then he was to have his bond for $250. If, after paying for the land, Troup refused to give a deed, then provision is made for that event; so that the plain sense of the agreement seems to be, that the defendant shall pay *at* the office *and to* the plaintiff for the 25 acres of land designated, in satisfaction of his bond. It seems to me, therefore, that the breach is according to the substance of the covenant, though not according to the letter. This is enough, and the plaintiff is entitled to judgment on the demurrer and on the verdict.